**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEPARTMENT 13, INC.,<br><br>  Debtor.[1] | Case No. 23-10691 (CTG)<br><br>Chapter 7 |

**GLOBAL NOTES AND**
**STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

Department 13, Inc., the debtor in the above-captioned chapter 7 case (the "Debtor") submits its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (the "Schedules and Statement") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On May 31, 2023 (the "Petition Date"), the Debtor filed a voluntary petition in this Court commencing the above-captioned case (the "Chapter 7 Case") for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Schedules and Statement were prepared by the Debtor's management and agents, with the assistance of its attorneys, and are unaudited. While those members of management and agents of the Debtor responsible for the preparation of the Schedules and Statement have made a reasonable effort to ensure that the Schedules and Statement are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or subsequent information or discovery may result in material changes in financial and other data contained in the Schedules and Statement. Accordingly, the Debtor reserves the right to amend and/or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate; *however*, there can be no guarantees that the Debtor will do so. Notwithstanding any such discovery, new information, or errors or omissions, the Debtor does not undertake any obligation or commitment to update the Schedules and Statement.

The Debtor and its agents and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been

---

[1] The Debtor's mailing address is 270 Madison Avenue, Suite 1801, New York, NY 10016. The last four digits of the Debtor's federal tax identification number are 1370.

1

made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtor or its agents and attorneys be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents and attorneys are advised of the possibility of such damages. These *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statement, and should be referred to and reviewed in connection with any review of the Schedules and Statement. In the event that the Schedules and Statement differ from these Global Notes, these Global Notes shall control.

### GENERAL COMMENTS AND RESERVATIONS

1. **Reservation of Rights**. The Debtor reserves the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statement as to amount, liability, and classification. The Debtor also reserves all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in the Schedules and Statement.

2. **Basis of Presentation**. These Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.

The Schedules and Statement have been signed by Mathew Ryan, the Debtor's sole director and authorized representative. In reviewing and signing the Schedules and Statement, Mr. Ryan necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Ryan, either directly or indirectly. Mr. Ryan has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3. **Methodology**.

    (a) **Duplication**. Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statement. To the extent these disclosures would be duplicative, the Debtor has endeavored to only list such assets, liabilities, and prepetition payments once.

    (b) **Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

    (c) **Unliquidated Amounts**. Amounts that could not be fairly quantified by the Debtor are scheduled as "unliquidated."

(d)     **Totals**. All totals that are included in the Schedules and Statement represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(e)     **Liens**. The inventories, property, and equipment, if any, listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

(f)     **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4.     **Date of Valuations**. Except as otherwise noted in specific responses, the Schedules and Statement generally reflect the Debtor's books and records as of the Petition Date. The Debtor made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available and further research is conducted, the Debtor may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statement accordingly.

5.     **Book Value.** Except as otherwise noted, each asset and liability of the Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statement are not based upon any estimate of the current market values of the Debtor's assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Except as otherwise noted, the Debtor's assets are presented, in detail, as they appear on the Debtor's accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtor believes that certain of its assets, including intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Chapter 7 Case. The Debtor has not yet formally evaluated the appropriateness of the carrying values ascribed to its assets prior to the Petition Date.

6.     **Property Rights – Generally**. Exclusion of certain property from the Schedules and Statement shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain property in the Schedules and Statement shall not be construed as an admission that such property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction; nor shall such inclusion in any particular category be deemed an admission that such property rights are properly categorized under applicable law.

7.     **Causes of Action**. The Debtor has made its best efforts to set forth known causes of action against third parties as assets in its Schedules and Statement. However, despite reasonable efforts, the Debtor may not have identified and/or set forth all of its causes of action (filed or potential) against third parties as assets in the Schedules and Statement. The Debtor reserves all rights with respect to causes of action it may have, whether disclosed or not disclosed,

and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any such causes of action.

8. **Litigation**. The Debtor made reasonable efforts to accurately record litigation actions (the "Litigation Actions") in the Schedules and Statement. However, despite reasonable efforts, the Debtor may not have identified and/or set forth all Litigation Actions (filed or potential) against it as liabilities in the Schedules and Statement. The inclusion of any Litigation Action in these Schedules and Statement does not constitute an admission by the Debtor of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

The Debtor is currently a defendant, counterclaimant and third-party plaintiff, in the action currently pending in the United States District Court for the Eastern District of Texas as *GenghisComm Holdings, LLC v. Department 13, Inc.*, Civil Action No.: 2:22-cv-00142 (RWS)(RSP) (the "Texas Action"). In the Texas Action, GenghisComm Holdings, LLC ("Genghis") has asserted various claims against the Debtor, and the Debtor has disputed those claims and the amount that Genghis claims is owed in the Texas Action. The Debtor also has live counterclaims that could act as an offset to the same and other claims against another third party. The Debtor has requested damages in an amount to be determined at trial. Thus, while the Debtor has listed the value of these counterclaims and third-party claims as "$0," they are unliquidated claims and their true value is presently unknown. The Debtor reserves all rights with respect to the Texas Action and the characterization of the Texas Action, and any related claims, in the Schedules and Statement.

9. **Patents.** The Debtor has asserted claims in the Texas Action concerning potential interests it may have in various Genghis patents: i) that may have been wrongfully filed in Genghis' name; ii) that may have been wrongfully assigned to Genghis; and/or iii) for which the Debtor may have joint interests in or other rights in, including with respect to interests in patents that were "quit claimed" in connection with a February 10, 2022 Termination of Patent Licenses Agreement, which is the subject of live fraud and other claims of the Debtor in the Texas Action.

The Debtor previously marketed certain of its assets, including its rights in the foregoing patents, for sale to third parties. That process did not result in any formal offers or buyers for those patents. Thus, the Debtor has listed its rights in these patents in Schedule A/B, with a value of "$0," but their true value is presently unknown because the Debtor does not have a current appraisal or any other data with which it could ascribe value to those patent interests.

10. **Executory Contracts.** In the Texas Action, Genghis has asserted claims against the Debtor under a March 12, 2018 Amended and Restated Patent License Agreement (the "PLA"), which included a schedule of minimum royalties purportedly owed to Genghis by the Debtor. In the Texas Action, Genghis has recently taken the position, in filed motions and at a recent hearing before the Court, that the PLA has been terminated by the parties – thus ending any ongoing obligations of either. As a result, the Debtor did not list the PLA on Schedule G. The Debtor reserves the right to amend Schedule G to add or remove executory contracts and unexpired leases.

11. **Parent Advances / Loans.** In the past several years, the Debtor's immediate parent and 100% shareholder – Department 13 Pty Ltd. – has advanced certain funds directly to third parties to pay expenses that were incurred in the ordinary course of business, and due and owing, by the Debtor. Those advances are not reflected on the Schedules and Statement, because they are not transfers that were made directly by the Debtor, and were otherwise made in the ordinary course of business. All of those advances were made pursuant to, and recorded as, intercompany loans between the Debtor and Department 13 Pty Ltd., which are collectively reflected in the unsecured claim held by Department 13 Pty Ltd. that is listed in Schedule E/F.

12. **Claims.** Certain of the Debtor's Schedules list creditors and set forth the Debtor's estimate of the claims of creditors as of the Petition Date. The claim amounts reflected on the Schedules may include the Debtor's estimates for vendor charges not yet invoiced. By estimating certain invoices, the Debtor is not representing that they have sought to identify and estimate all uninvoiced vendor charges.

The Debtor intentionally has not included "non-cash" accruals (*i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established), such as accruals to equalize lease payments, in the Schedules and Statement.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that the claim is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses against, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of any of the Debtor's rights or an admission with respect to its Chapter 7 Case, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of Chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

The Debtor has excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.

13. **Confidentiality.** There may be instances where certain information was not included or was redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

14. **Contact Information.** Where the Schedules and Statement include addresses or other contact information for particular creditors or other parties in interest, the Debtor has included the most recent information that is currently available to the Debtor. For example, the

Debtor understands that Mr. Jonathan A. Hunter's address may have changed, but is presently unaware of his current address.

**Fill in this information to identify the case:**

Debtor name: **Department 13, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 23-10691-CTG

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                                12/15

### Part 1:  Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*............................................................................................ $ 0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*......................................................................................... $ 15,881,577.00

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*............................................................................................ $ 15,881,577.00

### Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................. $ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................. $ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................................ +$ 27,289,485.00

4. **Total liabilities** ......................................................................................................
   Lines 2 + 3a + 3b                                                                                                          $ 27,289,485.00

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Department 13, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | 23-10691-CTG |

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property      12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ■ No. Go to Part 2.
   ☐ Yes Fill in the information below.

   All cash or cash equivalents owned or controlled by the debtor        Current value of debtor's interest

**Part 2:    Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:    Accounts receivable**

10. **Does the debtor have any accounts receivable?**

    ■ No. Go to Part 4.
    ☐ Yes Fill in the information below.

**Part 4:    Investments**

13. **Does the debtor own any investments?**

    ■ No. Go to Part 5.
    ☐ Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ■ No. Go to Part 6.
    ☐ Yes Fill in the information below.

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ■ No. Go to Part 7.

Debtor **Department 13, Inc.**                                                              Case number *(If known)* **23-10691-CTG**
            Name

☐ Yes Fill in the information below.

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| **Part 8:** | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| **Part 9:** | **Real property** |

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| **Part 10:** | **Intangibles and intellectual property** |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

|     | **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|-----|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets**<br>Patents | $1,118,750.00 | N/A | $0.00 |

| 61. | **Internet domain names and websites** |
| 62. | **Licenses, franchises, and royalties** |
| 63. | **Customer lists, mailing lists, or other compilations** |
| 64. | **Other intangibles, or intellectual property** |
| 65. | **Goodwill** |

| 66. | **Total of Part 10.** | | | | $0.00 |
|     | Add lines 60 through 65. Copy the total to line 89. | | | | |

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
   ■ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ■ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 2

Debtor  Department 13, Inc.　　　　　　　　　　　　　　　　　　　Case number *(If known)* 23-10691-CTG
　　　　　Name

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
　　Include all interests in executory contracts and unexpired leases not previously reported on this form.

　☐ No.  Go to Part 12.
　■ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) |  |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local)<br>**Net Operating Loss Including Carried Forward Losses**　　Tax year **2018** | $15,682,463.00 |
| 73. | **Interests in insurance policies or annuities**<br>**Miscellaneous Professional Liability** | $0.00 |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)**<br>**Pending Counterclaims and Third-Party Claims (see Global Notes)**<br>Nature of claim　**Fraud, Fidiciary Duty, Other Claims**<br>Amount requested　$0.00 | $0.00 |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** |  |
| 76. | **Trusts, equitable or future interests in property** |  |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership<br>**ERC Federal Tax Return Checks** | $199,114.00 |

**78.　Total of Part 11.**　　　　　　　　　　　　　　　　　　　　　　$15,881,577.00
　　　Add lines 71 through 77. Copy the total to line 90.

**79.　Has any of the property listed in Part 11 been appraised by a professional within the last year?**
　　■ No
　　☐ Yes

Debtor **Department 13, Inc.**
Name

Case number *(If known)* 23-10691-CTG

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. | **Real property.** *Copy line 56, Part 9.*...........> | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $15,881,577.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column | $15,881,577.00 + 91b. | $0.00 |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $15,881,577.00 |

**Fill in this information to identify the case:**

Debtor name: **Department 13, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 23-10691-CTG

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property     12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name: **Department 13, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 23-10691-CTG

☐ Check if this is an amended filing

Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims  12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:  List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ■ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

## Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address
**Department 13 Pty Ltd.**
Level 1/28 National Circuit
Forrest, ACT 2603
Australia

Date(s) debt was incurred **February 2020 - March 2023**
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Loan**
Is the claim subject to offset?  ■ No   ☐ Yes

**$25,181,985.00**

---

**3.2** Nonpriority creditor's name and mailing address
**GhengisComm Holdings LLC**
P.O. Box 17355
Boulder, CO 80308

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim: **License Agreement**
Is the claim subject to offset?  ☐ No   ■ Yes

**$2,107,500.00**

---

**3.3** Nonpriority creditor's name and mailing address
**Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Potential Tax Obligations**
Is the claim subject to offset?  ■ No   ☐ Yes

**$0.00**

---

**3.4** Nonpriority creditor's name and mailing address
**Jonathan A. Hunter**
11233 Chase Street, Unit I
Fulton, MD 20759-2428

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Potential Advancement Obligations**
Is the claim subject to offset?  ■ No   ☐ Yes

**$0.00**

## Part 3:  List Others to Be Notified About Unsecured Claims

| Debtor | Department 13, Inc. | Case number (if known) | 23-10691-CTG |
|---|---|---|---|
| | Name | | |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | Attn: Francis J. Collins<br>c/o Kahn Smith & Collins, P.A.<br>201 North Charles Street, 10th Floor<br>Baltimore, MD 21201 | Line **3.4**<br>☐ Not listed. Explain ____ | _ |
| 4.2 | David Berten & Alison Aubry Richards<br>c/o Global IP Group, LLC<br>55 W. Monroe St., Suite 3400<br>Chicago, IL 60603 | Line **3.2**<br>☐ Not listed. Explain ____ | _ |
| 4.3 | James S. Green Jr.<br>SEITZ, VAN OGTROP & GREEN, P.A.<br>222 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801 | Line **3.4**<br>☐ Not listed. Explain ____ | _ |

**Part 4:  Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 27,289,485.00 |
| 5c. Total of Parts 1 and 2<br>    Lines 5a + 5b = 5c. | 5c. | $ | 27,289,485.00 |

**Fill in this information to identify the case:**

Debtor name  **Department 13, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  23-10691-CTG

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases        12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name: **Department 13, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 23-10691-CTG

☐ Check if this is an amended filing

# Official Form 206H
# Schedule H: Your Codebtors  12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Do you have any codebtors?**

   ■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | *Check all schedules that apply:* |
| 2.1 | _____ Street _____ City State Zip Code | | _____ | ☐ D  ☐ E/F  ☐ G |
| 2.2 | _____ Street _____ City State Zip Code | | _____ | ☐ D  ☐ E/F  ☐ G |
| 2.3 | _____ Street _____ City State Zip Code | | _____ | ☐ D  ☐ E/F  ☐ G |
| 2.4 | _____ Street _____ City State Zip Code | | _____ | ☐ D  ☐ E/F  ☐ G |

Fill in this information to identify the case and this filing:

Debtor Name __Department 13, Inc.__

United States Bankruptcy Court for the: _____   District of __Delaware__
(State)

Case number (If known): __23-10691-CTG__

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [x] *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- [x] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- [x] *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- [x] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- [x] *Schedule H: Codebtors* (Official Form 206H)
- [x] *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- [ ] Amended *Schedule* ____
- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- [ ] Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/14/2023__
MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

__Mathew Peter Ryan__
Printed name

__Director__
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**