**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

**CRAIG T. GOLDBLATT**

**JUDGE**

**824 N. MARKET STREET**

**WILMINGTON, DELAWARE**

**(302) 252-3832**



March 5, 2024

**VIA CM/ECF**

Re: *In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591

Dear Counsel:

Before the bankruptcy filing, the debtor in this chapter 7 case, Department 13, was embroiled in intellectual property litigation in the U.S. District Court for the Eastern District of Texas with GenghisComm Holdings.[1] GenghisComm asserts that Department 13 had failed to pay royalties allegedly due under various patent license agreements. Department 13 had counterclaimed and asserted third-party claims against GenghisComm's president, Stephen Shattil. The debtor's claims against GenghisComm and Shattil were for, among other things, conspiracy to defraud, breach of fiduciary duty, and unfair competition.

---

[1] The lawsuit is captioned *GenghisComm Holdings, LLC v. Department 13, Inc., et al.*, E.D. Tex. No. 2:22-142 and is referred to as the "Texas Action." The plaintiff in that action, GenghisComm Holdings, LLC is referred to as "GenghisComm Holdings" or "GenghisComm." The debtor, Department 13, Inc., is referred to as "Department 13" or the "debtor."

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 2 of 18

The parties agreed that the automatic stay should be lifted so that the Texas Action could proceed. Some measure of chaos then followed, as the trustee took the position, in correspondence with GenghisComm, that he could not be required to appear in the Texas Action. The trustee further asserted that he would not be bound by any judgment in the Texas Action and that the claims between the parties were more properly resolved in a separate adversary proceeding, that at least partially overlaps with the Texas Action, that the trustee had initiated in this Court. GenghisComm and Shattil then moved this Court for an order clarifying the effect of the Court's decision to lift the stay as well as for a stay of the trustee's adversary proceeding.

The confusion here can be resolved by the straightforward application of two fundamental principles. *First*, the filing of a chapter 7 case by a corporate entity effectively replaces the debtor's board of directors with the chapter 7 trustee. While the prepetition debtor still exists as a formal legal entity, its assets (including any causes of action it might have held) become part of the bankruptcy estate and are managed by the trustee. To the extent a bankruptcy court lifts the automatic stay to allow a prepetition lawsuit against the debtor to proceed, any resulting judgment is fully binding upon the trustee. While a judgment against the trustee can only be enforced (unless the bankruptcy court were to say otherwise) through the bankruptcy process, the trustee certainly stands in the shoes of the debtor and should not be heard to argue that it is not "bound" by such a judgment.

2

GenghisComm takes the curious position that the prepetition debtor, rather than the trustee, is the proper defendant with respect to GenghisComm's prepetition claims against the debtor. That is incorrect. The order lifting the automatic stay does just that – it lifts the automatic stay and allows the claims asserted against the debtor in the Texas Action to continue. But nothing in an order granting stay relief displaces the trustee from its role as the trustee or reinstates the prepetition debtor as the real party in interest.

*Second*, the same customary and familiar principles of preclusion that apply outside of bankruptcy are equally applicable in bankruptcy. A trustee is certainly permitted, in its business judgment, to allow a default to be entered to the extent the trustee concludes that the costs of participating in litigation exceed the costs that an adverse judgment would impose on the bankruptcy estate. The consequences of the default on the bankruptcy case, however, will be addressed if and when a default is entered. The trustee is correct that this Court should not now issue an advisory opinion detailing the specifics of how those principles might apply to a default judgment that has not yet been entered. But there is no suggestion that those principles operate any differently in bankruptcy than they would in any other civil matter. GenghisComm's suggestion that some further order or direction of this Court is required in order to permit the Texas district court to enter a judgment that would be entitled to preclusive effect is incorrect. The lift stay order allowed the Texas

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 4 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 4 of 18

Action to proceed. Any judgment that may be issued by that court will be given the same preclusive effect to which it would otherwise be entitled.

Rather than adhering to these principles, GenghisComm's motion for clarification [D.I. 68] asks this Court to declare that the trustee is the real party in interest in the Texas Action and that the prepetition debtor, rather than the trustee, is responsible for bringing the claims that the debtor had asserted against GenghisComm and Shattil. There is no support in the law for either of those arguments. The motion for clarification will therefore be denied.

Separately, despite the fact that the trustee had opposed GenghisComm's motion to stay the adversary proceeding, the parties sensibly agreed at oral argument that the adversary proceeding in this Court should be stayed pending the resolution of the Texas Action, without prejudice to the right of any party to seek relief from that stay at any time. The parties also agreed that the Court should schedule a status conference in the adversary proceeding, approximately 90 days out, as a checkpoint to ensure that matters are proceeding appropriately.[2] This Court will enter a separate order in the adversary proceeding so providing.

## Factual and Procedural Background

The Texas Action was initiated in May 2022 in the U.S. District Court for the Eastern District of Texas. In the complaint, GenghisComm seeks to recover damages from the debtor on account of unpaid royalties allegedly due under the parties' patent

---

[2] *See Miller v. Shattil*, No. 23-50951, D.I. 16, 17.

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 5 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 5 of 18

license agreements. The debtor responded to the complaint by counterclaiming against the GenghisComm and cross claiming against Shattil, asserting claims of fraud, unfair competition, and breach of fiduciary duty, among other things.

That litigation appears to have been fairly advanced in Eastern District of Texas at the time of the bankruptcy filing, with a variety of summary judgment motions having been fully briefed before the district court.

The debtor filed this chapter 7 bankruptcy case on May 31, 2023. While the automatic stay, 11 U.S.C. § 362, by its terms applies only to the claims asserted against the debtor, not the debtor's claims against GenghisComm, or Shattil, the district court issued an order (presumably intended to prevent the same lawsuit from being litigated at the same time in two different courts) on June 2, 2023 staying all proceedings in the lawsuit. The district court further directed GenghisComm, within 30 days, either to dismiss the action (in favor of pursuing it in this Court) or to seek stay relief for the purposes of having the claim litigated to judgment in the district court.

GenghisComm complied with that order, filing a motion for relief from stay on June 29, 2023.[3] The chapter 7 trustee (who was not appointed until after the bankruptcy filing) opposed the motion, emphasizing that he had only begun to familiarize himself with the bankruptcy case and should be afforded a reasonable

---

[3] *In re: Department 13, Inc.,* No. 23-10691, D.I. 18. Pleadings in the main bankruptcy case are hereinafter cited as "Main Case D.I. __."

5

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 6 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 6 of 18

opportunity to wrap his arms around the dispute before forming a view on whether the issues should be litigated in the district court in Texas or heard in this Court.[4]

The parties then consensually deferred the hearing on the motion for relief from stay several times, from July 13, 2023 until October 5, 2023. Prior to that hearing date, however, the chapter 7 trustee filed this adversary proceeding against GenghisComm and Shattil. The complaint (as it has been amended) overlaps in part with the claims that the debtor had asserted against GenghisComm and Shattil, but also includes claims for fraudulent conveyance under 11 U.S.C. § 548. Whether the facts at issue in the fraudulent conveyance case are partially or entirely duplicative of those being litigated in the Texas Action is disputed between the parties.

At the evidentiary hearing on the motion for relief from stay that this Court conducted on October 5, 2023, Shattil testified that the pendency of the Texas Action was taking a toll on his ability to obtain new business and imposing personal hardship. GenghisComm and Shattil argued that the Court should lift the stay to permit the Texas Action to proceed immediately. The Court, however, largely accepted the trustee's argument that in light of the extensive procedural history of the Texas Action, the trustee was entitled to some additional time (although less than the trustee sought) to come up to speed. The Court thus indicated that it would deny the motion for relief from stay without prejudice to the right of the movants to re-notice it after the passage of 50 days.

---

[4] Main Case D.I. 23.

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 7 of 18

On November 28, 2023, the parties submitted a certification of counsel indicating that they had agreed to the entry of an order granting relief from the stay so that the Texas Action could proceed.[5] This Court thereupon entered the agreed order.[6]

Thereafter, the lawyers that that had represented the prepetition debtor in the Texas Action moved to withdraw from that case, explaining that by virtue of the bankruptcy filing, the trustee had replaced the prepetition debtor as the relevant entity with authority to direct the lawsuit, but that they understood that the trustee did not intend to appear in the lawsuit and would not consent to being substituted.[7]

The district court denied the motion to withdraw, explaining that a corporate entity could only proceed in court through counsel. The court accordingly directed the prepetition debtor's counsel to appear at a hearing set for January 9, 2024.[8]

In the meantime, the parties engaged in correspondence in which the chapter 7 trustee repeated his refusal to consent to being substituted as a party in the Texas Action. The trustee took the further position that he would not be bound by the resolution of the case in Texas and had determined that he would only proceed in the adversary proceeding that he had filed in this Court.[9]

---

[5] Main Case D.I. 65.

[6] Main Case D.I. 66.

[7] Main Case D.I. 68 Ex. D.

[8] Texas Action, D.I. 166 (Order dated Dec. 27, 2023).

[9] Main Case D.I. 68 Ex. B and C.

7

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 8 of 18

At the January 9 hearing, counsel for the prepetition debtor explained that the trustee would not agree to be substituted as a party in the case. In response, the district court (quite understandably) observed that it was "unusual" that the "the trustee agreed to a motion to lift the stay but does not want to be involved in the case that has been unstayed."[10] After satisfying itself that the trustee had received adequate notice of the status of the Texas Action, the district court suggested that the debtor's affirmative claims be stricken on account of the trustee's refusal to participate in the litigation, and that a default judgment be entered against the debtor on GenghisComm's claim.[11] As the district court put it, "the role of this court is just to reduce the claims to judgment, at which time it will be up to the bankruptcy court to decide, in accordance with its laws, what effect that judgment has in the overall liquidation of Department 13."[12]

Counsel for GenghisComm, however, rejected that suggestion, stating that her clients "do not want a default judgment" because "it appears that it's been the trustee's strategy to agree to lift the stay and then refuse to appear so that all the work that this court has done will not have preclusive effect in the bankruptcy court [and so that the trustee can litigate the same matters in the bankruptcy court in] the adversary proceeding."[13] Counsel suggested that the district court instead enter an

---

[10] D.I. 68 Ex. A at 5.

[11] *Id.* at 10.

[12] *Id.*

[13] *Id.* at 11.

8

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 9 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 9 of 18

order that would effectively require the trustee to appear in the Texas Action. "I'm just trying to find a way that we can get an order from this court that's more than a default judgment so that we can show for all the money and time what actually happened here."[14]

The district court responded that entering such an order "just launches us into a jurisdictional fight with the trustee," and that the more conventional response to GenghisComm's predicament would be what the court originally suggested — taking a default judgment and then arguing about the preclusive effect of the judgment in the bankruptcy court.[15]

When counsel for GenghisComm pressed further, the district court observed that while "current counsel for Department 13 has the obligation to continue in this court until they are excused from further representation," it "does not seem workable" to require them to litigate the case on the merits "since Department 13 currently has a trustee."[16] The court added, however, that it would be "willing to hold off on taking action to give [GenghisComm] an opportunity to go back to the bankruptcy court and see whether the bankruptcy court will direct the trustee to come and defend this action so that it can be decided on more than a default basis, but I don't see how that can be done otherwise."[17]

---

[14] *Id.* at 15.

[15] *Id.*

[16] *Id.* at 23.

[17] *Id.*

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 10 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 10 of 18

GenghisComm then proceeded to file the instant motion in this Court on January 23, 2024.[18] The relief sought in GenghisComm's proposed order includes a statement that the "trustee is substituted as the real party in interest: in the Texas Action under Civil Rule 25(c)" and that the prepetition debtor, not the trustee, remains responsible for prosecuting the estate's affirmative claims GenghisComm and Shattil.[19] The trustee filed its opposition on February 15, 2024.[20] This Court heard argument on the motion on February 22, 2024.

## Analysis

**I.    The trustee has responsibility for directing the bankruptcy estate; the relief sought by GenghisComm is inappropriate.**

**A.    The trustee is responsible for handling both claims against and claims by the estate.**

GenghisComm asks for an order providing that the trustee is responsible for defending the claim that it asserted against the prepetition debtor, but that the prepetition debtor remains responsible for bringing any claims that had been filed against it or Shattil. The first part of that claim is correct; the second is not.

*First*, it is black letter law that "[u]nder the Bankruptcy Code the trustee stands in the shoes of the bankrupt corporation."[21] The text of the Bankruptcy Code

---

[18] D.I. 68.

[19] *Id.*, Proposed Order.

[20] D.I. 69.

[21] *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991) (citing *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 429 (1972)); *see also Cissell v. American Home Assur. Co.,* 521 F.2d 790, 792 (6th Cir. 1975).

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 11 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 11 of 18

says as much. "The trustee in a case under this title is the representative of the estate" and "has the capacity to sue and be sued."[22] As *Colliers* explains it, the trustee "is charged by law with representing the interest of the estate against third parties claiming adversely to it."[23] As this Court explained the point in a recent decision, the appointment of a chapter 7 trustee in a corporate bankruptcy case is perhaps best analogized to a circumstance in which "a corporation's shareholders had replaced the board of directors" and "the new board installed a new management team."[24] GenghisComm is accordingly correct in contending that the defense of the claim that it has brought against the debtor is now the responsibility of the chapter 7 trustee.

On the *second* point, however, GenghisComm is wrong to argue that the prepetition debtor is responsible for prosecuting the claims against it and Shattil. The Court is unaware of any authority supporting the proposition that, contrary to what the Bankruptcy Code says, the appointment of a trustee works differently for claims by the estate than it does for claims against the estate. Indeed, the caselaw on this issue confirms that the text of the Bankruptcy Code means what it says. The Second Circuit's decision in *Shearson Lehman*, for example, explains that the trustee

---

[22] 11 U.S.C. § 323(a) and (b).

[23] *See* 3 Collier on Bankruptcy ¶ 323.03 (16th ed. 2023).

[24] *In re Pack Liquidating, LLC*, 22-10797-CTG, 2024 WL 409830 * 17 (Bankr. D. Del. Feb. 2, 2024).

11

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 12 of 18

"has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy."[25]

GenghisComm's argument to the contrary is misguided. GenghisComm argues that the claims that the debtor asserted against it and Shattil are not property of the estate. That contention, however, cannot be squared with § 541(a) of the Bankruptcy Code, which provides that any property (a term that unquestionably includes causes of action) that belonged to the debtor before the bankruptcy becomes property of the bankruptcy estate upon the filing of a bankruptcy petition.

The caselaw on which GenghisComm relies (Main Case D.I. 68 at 14) deals with an entirely different question – the distinction between "direct" and "derivative" claims. That line of cases addresses the problem posed, for example, by a creditor that brings suit against the debtor's directors for breach of the fiduciary duty that the director owes to the debtor. The creditor is typically barred from asserting such claim because the creditor's interest in that claim is "derivative" of the debtor and the claim is therefore property of the estate. A claim by that same creditor, however, asserting that he had personally been defrauded by a false statement made to him by that director is a "direct" claim that is not property of the estate. The creditor may continue to pursue that claim notwithstanding the Bankruptcy Code's automatic

---

[25] *Shearson Lehman*, 944 F.2d at 118. *See also* 3 *Collier on Bankruptcy* ¶ 323.03 ("After appointment of a trustee, a debtor no longer has standing to pursue a cause of action that existed at the time the order for relief was entered. Only the trustee has the authority and discretion to prosecute, defend and settle, as appropriate in its judgment, such a cause of action.").

12

Case 23-10691-CTG    Doc 72    Filed 03/05/24    Page 13 of 18

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 13 of 18

stay. There is no circumstance, however, in which (unless and until a claim is abandoned by the trustee under § 554 of the Bankruptcy Code) the prepetition debtor has the authority after the petition date to assert a claim that belonged to the debtor before the bankruptcy.[26]

GenghisComm also suggests (Main Case D.I. 68 at 15) that the order lifting the automatic stay reinstated the prepetition debtor as the entity responsible for litigating the claims asserted against it and Shattil. That is also incorrect. As an initial matter, the debtor's affirmative claims against GenghisComm and Shattil were never subject to the Bankruptcy Code's automatic stay. They were stayed by the district court, presumably because it would not make sense to litigate the Texas Action on a piecemeal basis. It is thus difficult to see how an order lifting the stay would affect those claims. In any event, a stay relief order allows a lawsuit that is otherwise stayed by virtue of § 362 of the Bankruptcy Code to proceed. Such an order does not, however, divest the chapter 7 trustee of its control over estate property or reinstate the prepetition debtor.

---

[26] This Court addressed this set of issues in greater detail in *In re First Guaranty Mortgage Corporation*, 22-10584-CTG, 2023 WL 8940688 (Bankr. D. Del. Dec. 27, 2023). *See also In re Wilton Armetale, Inc.,* 968 F.3d 273 (3d Cir. 2020); *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014); *Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.,* 296 F.3d 164, 169 (3d Cir. 2002).

13

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 14 of 18

### B. The trustee, rather than this Court, is responsible for making business judgments on behalf of the estate.

While it is true, as GenghisComm argues, that the trustee is responsible for the defense of the claim the debtor asserted (as to which the trustee consented to stay relief), the substantive decision about *how* to defend that claim belongs to the trustee, not to this Court.

Just like a debtor in possession in a chapter 11 case, a chapter 7 trustee serves as a fiduciary to the bankruptcy estate. The Bankruptcy Code leaves the decision about how to carry out those duties, in the first instance, in the hands of the trustee. Certain transactions such as the use of property or the incurrence of new indebtedness outside the ordinary course of business require bankruptcy court approval.[27] The Bankruptcy Code does not otherwise contemplate, however, a role for the bankruptcy court in micromanaging the trustee's strategic or tactical decisions about how it carries out its statutory duties.

As far as this Court can tell, it appears that trustee has essentially decided to allow a default judgment to be entered against the bankruptcy estate in the Texas Action, and to take his chances on what effect such a default judgment might have on the bankruptcy estate. At this point in the case, it is too soon to know whether that judgment will prove to be the correct decision from the perspective of the

---

[27] 11 U.S.C. §§ 363, 364.

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 15 of 18

Department 13 bankruptcy estate. But that is the trustee's decision to make in his capacity as a fiduciary.

Aside from the merits of that strategic judgment, GenghisComm is (perhaps understandably) frustrated by the fact that the trustee consented to relief from the stay without suggesting that it would not defend the action in Texas, only to turn around and essentially ignore the Texas Action. To the extent the trustee determined that he was going to allow the entry of a default judgment on GenghisComm's claims, the Court believes that the best practice, dictated by ordinary norms of professional courtesy and civility, would have been to say so directly. And this Court does have some concern that the manner in which the trustee has conducted himself vis-à-vis the U.S. District Court for the Eastern District of Texas did not reflect appropriate respect for the jurisdiction and authority of that court.

That said, beyond offering this observation, this Court believes that its own role is limited to reviewing those decisions of the trustee that require court approval under the applicable legal standard (typically limited to whether the trustee reasonably exercised its business judgment) and does not include monitoring the trustee's emails for proper etiquette or otherwise directing the trustee's conduct in the first instance. The Court accordingly does not believe it has the authority under the Bankruptcy Code to direct the trustee to litigate the Texas Action on the merits.

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 16 of 18

### C. This Court will not consider GenghisComm's Rule 25(c) motion, which is filed in the wrong court.

Even if this Court did have the authority to direct the trustee to participate in the Texas Action, the manner in which GenghisComm has asked this Court to do so is improper. GenghisComm asks this Court to enter an order providing that the trustee is the real party in interest in the Texas Action under Civil Rule 25(c). The application of the Federal Rules of Civil Procedure to the Texas Action, however, is a matter within the exclusive province of the U.S. District Court for the Eastern District of Texas. This Court's authority does not include ruling on motions that purport to govern the conduct of litigation in that court.

### II. Ordinary principles of preclusion apply in bankruptcy.

Much of the confusion and difficulty that has given rise to the current dispute arises out of the trustee's emails to GenghisComm stating that the trustee is not bound by anything that might occur in the Texas Action. Those statements strike this Court as, for want of a better word, bluster. Indeed, counsel for the trustee all but acknowledged as much during the February 22 hearing.

The proper response to that suggestion, however, is the one originally offered by the district court. To the extent that the trustee elects not to defend the Texas Action, the district court may enter a default judgment. GenghisComm may then seek to enforce that judgment in this Court regarding the allowance of its claim against the estate under § 502 of the Bankruptcy Code.

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 17 of 18

There can be no dispute, notwithstanding the trustee's bold and unsupported assertions to the contrary, that ordinary principles of preclusion will apply to the trustee in this bankruptcy case in the same manner as those principles operate outside of bankruptcy.[28] To be sure, a judgment that follows actual litigation may have greater preclusive effect than one entered upon default.[29] So this Court understands both why GenghisComm would prefer to have its claim "actually litigated" in the Texas Action and why the trustee might conclude it is best for the estate to take a default judgment.

The trustee, however, is correct in arguing that it would be improper for this Court to begin opining now about the effect that a default judgment might have on the adversary proceeding the trustee has initiated in this Court. Those questions will be properly presented if and when they ripen. The Court does not believe that further action on its part is appropriate at this time.

### III.    The Court will stay the adversary proceeding.

GenghisComm has moved to stay the adversary proceeding pending resolution of the Texas Action. The trustee, despite filing an opposition to the motion,

---

[28] *See generally Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (1999) (addressing the preclusive effect of a court's prior decision in a bankruptcy dispute); *In re Apex Brittany MO, LP*, 23-11463-CTG, 2023 WL 8205669 (Bankr. D. Del. Nov. 27, 2023) (giving preclusive effect to a decision issued by the U.S. District Court for the Western District of Missouri that precluded the debtor's management from filing a voluntary bankruptcy petition).

[29] *See, e.g., In re Randall*, 358 B.R. 145, 164-165 (Bankr. E.D. Pa. 2006). *See also Restatement (Second) of Judgments* § 17 (setting forth principles of claim preclusion); *id.* § 27 (setting forth elements of issue preclusion, including requirement that matter be "actually litigated").

17

*In re: Department 13, Inc.,* No. 23-10691; *Miller v. Shattil, et al.*, Adv. Proc. No. 23-50591
March 5, 2024
Page 18 of 18

acknowledged during the February 22 hearing that the entry of such a stay would be appropriate. The Court will accordingly issue a separate order staying the adversary proceeding.

## Conclusion

For the foregoing reasons, as set forth in separate orders, GenghisComm's motion to clarify is denied and its motion to stay the adversary proceeding is granted.

Sincerely,

*[signature]*

Craig T. Goldblatt
United States Bankruptcy Judge